REEVES *v.* ROYAL *et al.*

Where a new trial is sought on the ground of newly discovered evidence, the best proof should be adduced to show that such evidence has been discovered; where it is, that it can be had at the proper time, that it is material and not merely cumulative, and that a failure to procure it on the trial was not occasioned by negligence.

Where the record shows that the district court granted a new trial, on the ground that the instructions were confused and defective, this court will not disturb the order.

## Error to Davis District Court.

*Opinion by* WILLIAMS, C. J.    Reuben R. Reeves as administrator of the estate of Levi Reeves, deceased, brought his action of assumpsit against the defendants Royal and Jackson, in the district court of Davis county, to the April term, 1848.   The plaintiff declared upon a joint and several note, payable six months after date, calling for one hundred and ten dollars, and seventy cents.   The note bears date the 22d day of August A. D. 1846.   The defendants set up fraud and circumvention on the part of plaintiff in obtaining the note.   The cause was tried at April term, 1848, and a verdict rendered for the plaintiff for one hundred and eighteen dollars and sixty two cents.   Upon the recovery of the verdict, the defendants moved the court to grant a new trial.   On hearing, the verdict was set aside and a new trial granted.   This action of the court is here assigned as error.

The record shows that the motion for a new trial was urged on two grounds, to wit: newly discovered evidence, and error in the instructions of the court, so as to mislead the jury in making up their verdict.

The affidavit of Royals, one of the defendants was filed, on which he stated that since the trial he was informed one Denison, who was then absent, would testify that said plaintiff Reuben R. Reeves stated to witness, "that they (meaning plaintiff and Green Reeves) had a hard time to get old Royal into it (meaning the note sued.")

The affiant does not pretend, in the affidavit, to disclose the name of the person who informed him of what Denison would swear, nor does he aver his belief in the statement made. The affidavit does not show that, in the use of proper diligence, the testimony of Denison could not have been procured on the trial.

So vague and indefinite are the allegations of fact contained in the affidavit, that of itself it does not present sufficient ground for granting a new trial. Indeed it does not appear to have been considered by the judge who tried the cause, as furnishing the reason upon which he acted in granting the motion.

Where a party seeks to procure a new trial, on the ground of newly discovered evidence, he should give the court the best evidence possible of the truth of the allegations, that such evidence has been discovered, where it is, and that it can be had at the proper time. It is also necessary to show that the evidence is material to the issue between the parties and is not cumulative merely; and further that the failure to produce it on the trial, was not chargeable to his own negligence. *Shlenker* v. *Risley* 3 Scam. 486. In this case we think, the doctrine is truly set forth. But enough has been said upon this point, as the action of the district court in granting the new trial appears by the bill of exceptions to have been predicated upon the misdirection of the judge in charging the jury.

It appears by the bill of exceptions, that the judge charged the jury on the question of fraud in the procurement of the note, upon which the suit was instituted. In his charge as at first given, there is manifest error. After having charged fully upon the question as raised by the pleading, and the facts adduced in evidence, upon being requested by the defendant's counsel to give a different instruction as to the law, he expressed himself as dissatisfied with what had been given, and proceeded to give those asked. The instruction last given is correct.

The defendant's counsel urged as a reason for granting

Reeves *v.* Royal.

a new trial, that the jury was confused and misled, as
to the law by the charge of the court, as given; that the
instructions were erroneous, contradictory, and calculated
to perplex the jury.

The bill of exceptions then in the language of the court,
proceeds in setting forth, that "the court being of this
opinion and thinking that the suing on the note was a rat-
ification in law, (of the agents acts) and that the jury
ought to have been so expressly and clearly charged, and
thinking that the case went to them under such confused
instructions that they might be misled, &c., granted the
new trial."

This record exhibits to us nothing that calls for this
court to interfere with the ruling of the district court. It
is true that the bill of exceptions shows that, after much
discussion of the questions involved in the trial, the court
admitted its own error and corrected itself. But it also
shows that the court in the exercise of a sound discretion
with a full knowledge of all the circumstances, was of the
opinion that the jury were confused and misled by the
charge. This is not a case in which, as good reason for a
new trial, it is alleged on behalf of a losing party, that
the jury were misled or confused by the instructions of
the court, and the motion overruled. But, where the
court, in express terms, admits the truth of the allegations
made as the ground of the motion, and granted a new tri-
al, we cannot interfere.

The court must be presumed to have been fully posses-
sed of the circumstances of the case, and to have acted
with a sound discretion in correcting, in a speedy and pro-
per manner, its own erroneous proceedure.

The order of the district court granting a new trial is
affirmed.

Judgment affirmed.

*Wright & Knapp*, for plaintiff in error.

*A. Hall*, for defendant.